|   |   |
|---|---|
|   | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARENCE HANKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>LEWIS COUNTY HEALTH DEPARTRMENT, et al.,<br><br>        Defendants. | CASE NO. C14-5327 RBL<br><br>ORDER DENYING IFP |

THIS MATTER is before the Court on Plaintiff Hankins' Application to Proceed *in forma pauperis*. [Dkt. #1]  Hankins' proposed complaint alleges that the Lewis Count y Health Department and its Prosecutor's Office (acting through unnamed individuals) deprived him of various constitutional rights, harassed him, discriminated against him, failed to provide him reasonable accommodations (at his own home), and, because his property was formerly a gold mine, attempted to murder him with a firearm.  He primarily asserts claims based on these allegations under the Fair Housing Act.

Hankins also references a prior Lewis County litigation and adverse judgment, and asks the Court to vacate that judgment.  He seeks damages, punitive damages, and declaratory and injunctive relief.  Finally, Hankins asks the Court to appoint counsel.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Hankins' proposed compliant is insufficient under this standard. If and to the extent he seeks to assert claims based on the violation of his constitutional rights, he must name the individuals who so deprived him under 42 U.S.C. §1983 (or identify the municipality that deprived him of such a right, and assert a claim based on the allegation "that official policy is responsible for a deprivation of rights protected by the Constitution . . . ." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

Plaintiff's FHA claims appear to be based on his claim that someone failed to provide reasonable accommodations (for what is not clear) on property that he claims he owns.

There is no basis for the claim that a County Housing Department broadly has an obligation to improve a property owner's property to accommodate his disability or to generally improve that property.

Hankins' "attempted murder" claim is not fully described, but it can be said with certainty that the facts he has alleged thus far are not sufficient to state such a claim against the Health Department or the Prosecutor's office.

Finally, to the extent Hankins asks this Court to review and vacate a state court decision, this Court has no jurisdiction to do so. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983).

For these reasons, the Compliant as drafted is frivolous on its face, and although Hankins is apparently indigent, he has not established that he is entitled to proceed in forma pauperis.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Hankins has not met this even higher standard, and the Court will not appoint an attorney to pursue the claims in the proposed complaint. The Motion for Appointment of Counsel is DENIED.

Plaintiff shall file an amended complaint addressing these shortcomings—articulating in plain fashion the "who, what, when, where and why" of his factual allegations, naming the relevant actors, and describing what they did that violated his rights, or pay the filing fee within 15 days of the date of this Order. If he does not, the case will be dismissed without further notice.

IT IS SO ORDERED.
Dated this 3rd day of June, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE